USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                         :

UNITED STATES OF AMERICA,          :

                                                         :

                  -v-                            :            1:15-cr-100-GHW

                                                         :

TIRSO DOMINGUEZ,                   :              ORDER

                                                         :

                          Defendant.  :
-------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

       The April 3, 2023 application for early termination of Tirso Dominguez's supervised release is denied. Dkt. No. 145 (the "Application"). Section 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997). District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

       Early termination "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03–0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release

and does not warrant early termination." *Id.* "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a) and concludes that Mr. Dominguez's Application should be denied. Mr. Dominguez asserts that he is entitled to supervised release because he has complied with its requirements successfully. Through his counsel, Mr. Dominguez asserts that he "has fully reintegrated into society and is a valued worker, family member, and citizen." Application at 4. He asserts that he has achieved "stable community reintegration in terms of housing, family, and employment." *Id.* Mr. Dominguez's counsel asserts in the Application that Mr. Dominguez is in full compliance with all of the terms of his supervision.

Mr. Dominguez's asserted compliance with the conditions of his supervised release and reintegration into society is worthy of praise. But, at the same time, this is "what is expected of a person under . . . supervised release and does not warrant early termination." *United States v. Fenza*, 2013 WL 3990914, at *2. Mr. Dominguez points to no new or unforeseen circumstances, and no exceptionally good behavior or other factors that might warrant early termination.

Moreover, the Court has been informed that Mr. Dominguez has not provided information to his probation officer to corroborate his income and that Mr. Dominguez has not satisfied all of his court-imposed financial obligations. Those facts are at least arguably inconsistent with the unsworn statements by Mr. Dominguez's counsel in the Application regarding Mr. Dominguez's asserted full compliance with the conditions of his supervised release. Counsel for Mr. Dominguez

is directed to support any future application for early termination of the defendant's supervised release with a sworn affidavit containing all of the pertinent facts.

Having duly considered all of the applicable factors, the Court concludes that there is no basis to terminate Mr. Dominguez's supervised release early.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 145.

SO ORDERED.

Dated:  May 6, 2024
        New York, New York

*[signature]*
GREGORY H. WOODS
United States District Judge